```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

**HENRY LEWIS PATTERSON, "H.L."**                                **PLAINTIFF**

**VERSUS**                          CIVIL ACTION NO. 5:10-CV-00153-DCB-JMR

**YAZOO CITY, MISSISSIPPI;**
**YAZOO COUNTY, MISSISSIPPI; and**
**YAZOO RECREATION COMMISSION**                                 **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on Yazoo City's Motion for Certification for Interlocutory Appeal and Motion to Stay Proceedings [**docket entry no. 173**]. Having carefully considered the Defendant's Motion, applicable statutory and case law, and being otherwise fully advised in the premises, the Court denies the Defendant's Motion.

## Analysis

Yazoo City argues that the Court's February 24, 2012 Summary Judgment Order involves a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292. The Court agrees with the City that the first prong of the statute's two-prong inquiry is easily met with respect to Patterson's ADA and ADEA claim; however, the Court disagrees that certification will materially advance the ultimate termination of the litigation. Patterson has a due process claim pending before this Court to

which Yazoo City is presently a party and as to which the Commission argued that it was entitled to summary judgment. Assuming, *arguendo*, Patterson's ADA and ADEA claims were resolved in favor of the Defendants on appeal, the Court would then be required to try Patterson's due process claim against the City and the Commission, which could then be later appealed, potentially causing the Parties to litigate a claim involving the same factual disputes twice before the appellate court at significant cost and expense.[1] The Court finds that the ultimate termination of the litigation is best served in having the fact-finder resolve factual issues regarding all Patterson's claims prior to appeal.[2]

The Defendants have expressed concern over (1) the lack of clarity regarding the Court's holding and (2) the difficulty of crafting jury instructions at trial. The Court acknowledges that its statement that Patterson "may aggregate City employees under the single-employer theory" is inartfully worded; nevertheless, Yazoo City rightly infers from its Order that the Court intended to say that the jury will be able to "consider whether the City and Commission employees could be aggregated under the Trevino single-

---

[1] The fact that Patterson's due process claim could involve nominal damages if his ADA and ADEA claims were dismissed does not affect the Court's analysis of the issue, as the claim will have to be tried before this Court regardless of the damage amount.

[2] Further, the Court notes that Yazoo City's third proposed question for certification can only be answered *after* the fact-finder has made the appropriate findings of fact.

employer test." To restate its findings for the benefit of the Parties, the Court concluded that in the present circumstance (1) application of the Trevino single-employer test is not foreclosed by case law and (2) there is no good policy reason why Patterson should not be able to proceed against governmental entities under a single-employer theory of liability.[3]

Therefore, the Court found that if Patterson can convince the fact-finder that the City and Commission acted as his single-employer under the Trevino test, the City's and Commission's employees can be aggregated so that each could meet the definition of employer the ADA and ADEA.[4] The Court reiterates the basis for this finding: application of Trevino's single-employer test is

---

[3] If the Court did not clearly express its confidence that the potential absence of a single-employer is not consonant with the ADA's and ADEA's purpose, it does so now. The Court finds the ADA and ADEA should be applied even-handedly to both public and private employers. Lyes v. City of Riviera Beach, Fla., 166 F.3d 1332, 1342 (11th Cir. 1999) (discussing the rationale for applying a single-employer test to superficially distinct governmental entities under Title VII).

[4] Yazoo City states that "No Fifth Circuit case holds that a defendant may be considered an 'employer' for ADA and ADEA purposes despite failing the hybrid test." Cert. Mot. at 3. Perhaps this statement was induced by the Court's lack of clarity, but the Court is puzzled by this assertion. The Court sees no need to repeat the different rationales behind the two tests, but Schweitzer was clear that a defendant can be liable under Title VII under a single-employer theory of liability when it cannot be held liable under the hybrid test. See Schweitzer v. Advanced Telemktg. Corp., 104 F.3d 761, 764 (5th Cir. 1997) ("[W]hile the Trevino and hybrid tests are similar, and will frequently yield the same results, the tests should not be used interchangeably."). If that was not true, then there would be no need for two tests. There is no precedent to suggest that there should be only one test.

appropriate in this case where evidence exists for the fact-finder to conclude that Yazoo City was actively exercising control over the employment decisions of the Commission during the period of Patterson's employment.[5]

Moreover, there is sufficient case law on this issue to guide the Court in crafting jury instructions. As stated in Schweitzer, "Trevino instructs us to focus on the control a parent company exercises over the employment decisions of its subsidiary." Schweitzer v. Advanced Telemktg. Corp., 104 F.3d 761, 765 (5th Cir. 1997). The Eleventh Circuit, after examining a similar factual scenario, created a test entitling governmental municipalities and their distinct subdivisions to the presumption that they are distinct "unless it is clearly outweighed by factors manifestly indicating that the public entities are so closely interrelated with respect to *control of the fundamental aspects of the employment relationship* that they should be counted together under Title VII." Lyes v. City of Riviera Beach, Fla., 166 F.3d 1332, 1345 (11th Cit. 1999) (emphasis added). Under both tests, the ultimate question for the jury can be reduced to whether Yazoo City exercised such control over the employment decisions of the Commission that they should be considered a single-employer under

---

[5] The Court's comment regarding the murkiness of the case law was directed at how the hybrid test and the Trevino test have substantially devolved into the same test, despite Schweitzer's instruction to the contrary.

the ADA and ADEA.[6]

Accordingly, at trial, the Court is inclined (1) to propound a jury interrogatory inquiring from the finder of fact as to whether Yazoo City exercised control over the employment decisions of the Commission during Paterson's employment with the Commission such that it should be considered a single-employer under the ADA and ADEA and (2) will instruct the jury regarding what factors it may consider vis-a-vis this interrogatory. Further, the Court will hold a jury instruction conference in the United States Courthouse in Jackson, Mississippi at least ten days before the trial. The Parties shall submit their proposed jury instructions and any suggested interrogatories three days prior to this conference. In crafting proposed jury instructions and any proposed interrogatories, the Parties are instructed to be mindful of precedent both in this circuit and others as to what specific factors are valid indicators of control over employment decisions in the government context. The Court directs the Parties' attention to Lyes v. City of Riviera Beach, Florida, 166 F.3d 1332 (11th Cit. 1999) for a thorough discussion of this issue. See also Schweitzer, 104 F.3d at 765.

Accordingly,

**IT IS THEREFORE HEREBY ORDERED** that Yazoo City's Motion for

---

[6] To be clear, the Court does not adopt the Lyes presumption test but notes that the same factors considered by the Lyes Court are helpful in this case.

Certification of Interlocutory Appeal and to Stay Proceedings [**docket entry no. 173]** is **DENIED.**

**IT IS FURTHER HEREBY ORDERED** that, after a trial date is set, the Parties shall contact the Court to arrange for a suitable date for holding the aforementioned jury instruction conference.

**IT IS FURTHER HEREBY ORDERED** that the Parties are to submit jury instructions and any proposed interrogatories to this Court three days prior to the jury instruction conference.

**SO ORDERED** this the 19th day of March 2012.

                                                   /s/ David Bramlette  
                                          **UNITED STATES DISTRICT JUDGE**