IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HENRY LEWIS PATTERSON, "H.L."                                    PLAINTIFF


VERSUS                      CIVIL ACTION NO. 5:10-CV-00153-DCB-JMR

YAZOO CITY, MISSISSIPPI;
YAZOO COUNTY, MISSISSIPPI; and
YAZOO RECREATION COMMISSION                              DEFENDANTS

<u>ORDER</u>

Before the Court is Plaintiff's Objections to the Defendants' Bill of Costs [**docket no. 207**], wherein Plaintiff argues (1) the deposition costs submitted by the three Defendants were duplicative, and (2) imposing any costs would create an enormous hardship for him. Even though Plaintiff's appeal is pending, this Court has jurisdiction to rule on the Motion because it raises issues ancillary to his appeal. <u>Kusay v. United States</u>, 62 F.3d 192, 194 (7th Cir. 1995) ("A district court may address ancillary questions such as costs.").

As to the first objection, whether Yazoo Recreation Commission is a joint entity with Yazoo City and Yazoo County by virtue of its funding was an issue litigated and resolved at the summary-judgment stage. Yazoo Commission, as one of three prevailing parties, is a separate entity and is entitled to depositions necessarily obtained for use in the case. Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920. As to the second objection, the Court has the discretion not to impose costs upon an *indigent* plaintiff. <u>See</u> <u>Leatherwood v. Houston Post</u>

<u>Co.</u>, 1996 WL 61492, at *3 (S.D. Tex. Jan. 26, 1996).[1] Plaintiff, however, has not shown that he is indigent or otherwise demonstrated that he cannot pay the defendants' costs. See <u>Rule v. Region IV Mental Health</u>, 2009 WL 151334, at 1 (N.D. Miss. Jan. 21, 2009).

Accordingly,

**IT IS HEREBY ORDERED THAT** Plaintiff's Objections to the Defendants' Bill of Costs [**docket no. 207**] are **OVERRULED.**

**So ORDERED,** this the 15th day of January 2013.


_/s/ David Bramlette_____
**UNITED STATES DISTRICT JUDGE**

---

[1] One fact that distinguishes this case from <u>Leatherwood</u>, a case in which the district court chose not to impose costs upon a indigent plaintiff, is that the plaintiff in that case sought and received the court's approval to appeal its judgment in forma pauperis. <u>Leatherwood</u>, 1996 WL 61492, at *3. Plaintiff did not move to proceed IFP on appeal.